**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOV -8 2024

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

| | |
|---|---|
| Glenn Harden, | **Case №:** |
| Plaintiff, *in esse, In Propria Persona,* | **COMPLAINT** |
| v. | **DECLARATORY RELIEF**<br>**NEGLIGENCE**<br>**QUASI CONTRACT** |
| **ABSOLUTE HOME MORTGAGE CORPORATION; CALIBER HOME LOANS INC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); MERSCORP Holdings, Inc; ICE Mortgage Technology™; NEWREZ, LLC; SHELLPOINT MORTGAGE SERVICING"** | **VIOLATION OF**<br>    12 U.S.C. §§ 2603; 2604; 2605 (RESPA);<br>    15 U.S.C. §§ 1604(b); 1635(a); 1641(f)(1), (2); 1641(g)(TILA);<br>    15 U.S.C. § 1692, ET SEQ (FDCPA) |
| Defendants. | 18 U.S.C. §§ 892; 893; 894; 1001; 1010; 1012; 1021; 1032; 1341; 1342; 1343; 1344; 1346; 1348; 1349; 1956; 1957; 1961; 1962<br>**ACCOUNTING**<br>Unjust enrichment |

## INTRODUCTION

Plaintiff is informed by the Office of the Comptroller of the Currency, Administrator of National Banks, in its (Administrator of National Banks, 1997) (hereinafter "Handbook"), published November 1997, and therefor believes, that

- *"Asset securitization is the structured process whereby interests in loans and other receivables are packaged, underwritten, **and sold** in the form of "asset backed" securities"*, Handbook, p.2 (italic and bold emphases added); and

- The Handbook's Diagram, Exhibit 1: Parties Involved in Structuring Asset-Backed Securities, p. 8 (with explanatory text following) points out that "...borrowers often do not realize that their loans have been sold, the originating

bank is often able to maintain the customer relationship...". This concealment of relevant facts is, in the instant case, compounded by defendants' use of Mortgage Electronics Registration Systems, Inc.; and,

- The Handbook further elaborates on p. 9, that "O riginators create and often service the *assets that are **sold** or used as collateral for asset-backed securities.*" (sic; italic and bold emphases added); and, based upon this Appendix and other Appendices hereto:

Plaintiff is further informed by the International Monetary Fund, in its Finance & Development article, "Back To Basics: What Is Securitization?", published September, 2008[1] (hereinafter, "IMF article"), and therefor believes, that – of the eight (8) references to "balance sheets" – the process(es) of *securitization* are intended, in *Step 1*, to

- "...transfer the credit risk of the assets they originate from their balance sheets...", IMF article, p. 1; so that,

- "...loans [are] not kept on the balance sheets of those who securitized them...", IMF article, p. 1 ; with the result that,

- "...the originator... remove[s] [assets] from its balance sheet..."; "...pools them into what is called the reference portfolio..."; and "...then sells this asset pool to an issuer... set up... specifically to purchase the assets and realize their off-balance-sheet treatment for legal and accounting purposes", IMF article, p. 1; and, in *Step 2*,

---

[1] Andreas Jobst, What Is Securitization? International Monetary Fund, Finance & Development September 2008

- "...to find new sources of funding... moving assets off their balance sheets... [to] reduce[] their borrowing costs and, in the case of banks, lower[] regulatory minimum capital requirements ...", IMF article, p. 2; achieving the goal that

- "...assets are detached from the originator's balance sheet (and its credit rating)..." , IMF article, p. 2;

- "...produc[ing] funds for future investment without balance sheet growth...", IMF article, p. 2.

Plaintiff is further informed by the Federal Reserve Bank of Chicago, in its publications "Modern Money Mechanics", February 1994; "Points of Interest", October, 2000, and therefor believes, that the realities described above are intrinsic to "...the basic process of money creation in a fractional reserve banking system..."; Modern Money Mechanics, p. 1, to wit:

- "The actual process of money creation takes place primarily in banks.' As noted earlier, checkable liabilities of banks are money. These liabilities are customers' accounts. They increase when customers deposit currency and checks and when the proceeds of loans made by the banks are credited to borrowers' accounts;" Modern Money Mechanics, p. 3;

- "Depository institutions, which for simplicity we will call banks, are different from other financial institutions-  because they offer

transaction accounts and make loans by lending deposits." (Feiler), p. 7;

- "Deposit expansion can proceed from investments as well as loans. Suppose that the demand for loans at some Stage 1 banks is slack These banks would then probably purchase securities"; Modern Money Mechanics, p. 8;

- "Banks create deposits by making loans... creation of checking accounts through loans is just as much a deposit as one we might make by pushing a ten-dollar bill through the teller's window"; Points of Interest, p. 7;

Plaintiff is informed by (Peterson, 2011) – the second-oldest institution of higher learning in the country, founded in 1693 under a royal charter issued by King William III and Queen Mary II, Peterson, Christopher Lewis,[2] Two Faces_ Demystifying the Mortgage Electronic Registration System's Land Title Theory, William & Mary Law Review Volume 53 (2011-2012) Issue 1 Article 4 (hereinafter, "Two Faces"), and therefor believes:

- "In the mid-1990s, mortgage bankers created Mortgage Electronic Registration Systems, Inc. (MERS) to escape the costs associated with recording mortgage transfers. To accomplish this, lenders permanently list MERS as the mortgagee of record instead of themselves to avoid the expense of recording any subsequent transfers. MERS's claim that it is both an agent of the lender and the

---

[2] Associate Dean for Academic Affairs and Professor of Law, University of Utah, S.J. Quinney College of Law.

mortgagee, and the huge gaps left in the public record, give rise to a range of legal issues. This Article addresses whether security agreements naming MERS as a mortgagee meet traditional conveyance requirements and discusses the rights of counties to recover unpaid recording fees. The author explores the challenges facing judges, legislators, county recorders, and investors who must resolve these issues to rebuild confidence in real property recording systems." *See also*: SSRN (formerly known as Social Science Research Network)-1684729, Abstract.

- "Like Janus, MERS is two-faced: impenetrably claiming to both own mortgages and act as an agent for others who also claim ownership." Two Faces, p. 113.

- "In the mid-1990s, some mortgage bankers decided they no longer wanted to pay recording fees for assigning mortgages.[3] Securitization— a process of pooling many mortgages into a trust and selling income from the trust to investors on Wall Street[4]—drove this decision. Securitization, also sometimes called "structured finance," usually required several successive mortgage assignments to different companies.[5] To avoid the hassle and expense of paying county recording fees, these mortgage bankers formed a plan to create a single shell company that would pretend to own all the mortgages in the country.[6] According to the plan, the mortgage bankers would never have to record assignments again because the same company

---

[3] Internal note 20, Two Faces, p. 116, citing Phyllis K. Slesinger & Daniel McLaughlin, *Mortgage Electronic Registration System*, 31 IDAHO L. REV. 805, 810-12 (1995).
[4] Internal note 21, Two Faces, p. 116, citing internal note 6, Christopher L. Peterson, Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System, 78 U. CIN. L. REV. 1359 (2010), at 1361-62.
[5] Internal note 22, Two Faces, p. 116, citing Christopher L. Peterson, Predatory Structured Finance, 28 CARDOZO L. REV. 2185, 2186-87 (2007).
[6] Internal note 23, Two Faces. P. 116, citing R.K. Arnold, Viewpoint, INSIDE MERS, Jan./Feb. 2004, at 1 ("[O]ur mission is to capture every mortgage loan in the country.").

would always "own" all the mortgages.[7] They incorporated the shell company in Delaware and called it Mortgage Electronic Registration Systems, Inc."

The industry-environment revelations above are further supported by numerous Congressional Research Service Reports spanning at least 15 years.

PARTIES

Plaintiff is the owner of record of property at 44 Windsor Lane, Willingboro, NJ 08046.

Defendants are:

ABSOLUTE HOME MORTGAGE CORPORATION, a New Jersey corporation[8] purporting "a principal office and mailing address of 279 Browertown Road, Woodland Park, NJ 07424".

CALIBER HOME LOANS INC, a Delaware corporation – United States Securities and Exchange Commission registration number 333-249240 – showing – in its Initial Public Offering Registration 'S-1' on 10_1_20, and its Amendment 2 to Initial Public Offering Registration 'S-1/A' on 10_21_20, – 'EX-3.1' – a Registered Address of 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, purportedly headquartered  at 1525 S BELT LINE RD, COPPELL, TX 75019, and purporting – in an "ASSIGNMENT OF MORTGAGE" dated November 21, 2016 – a business address of 13801 Wireless Way, Oklahoma City, OK 73134.[9, 10]

---

[7] Internal note 24, Two Faces, p 116, "*See id.; see also* Howard Schneider, MERS Aids Electronic Mortgage Market, MORTGAGE BANKING, Jan. 1997, at 42."

[8] Registered in New Jersey as a Domestic Profit Corporation on August, 18, 1998.

[9] Caliber withdrew its January 06, 2022, Oklahoma Trade Name Certificate as of March 19, 2024.

[10] Subsidiaries include Delaware Statutory Trusts Caliber Advance Receivables Depositor, LLC, and CHL GMSR Issuer Trust; California Corporation Fort Escrow, Inc.; Pennsylvania Limited Liability Company Fort Settlement Services, LLC; and, Delaware Limited Liability Company Vericrest Agency Funding Depositor, LLC.

CALIBER HOME LOANS INC, was rated – as of January 2021 –as a Residential Prime and Subprime Servicer ('RPS2–'), and as a Residential Special Servicer ('RSS2–'), and was acquired by NEW RESIDENTIAL INVESTMENT CORP (now RITHM CAPITAL[11]) in August 2021, Richard Koch, Adena Bernot, FITCH RATINGS SERVICER REPORT, April 22, 2022 (hereinafter, "FITCH"); and, by and through Spencer Mosness[12], Secretary, withdrew its Initial Public Offering Registration(s)[13] on November 15, 2021[14].

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), a Delaware corporation purporting – upon the face of the mortgage – a business address of PO Box 2620. Flint, MI 48501-2026; upon information and belief, may be served through its parent MERSCORP Holdings, Inc., at 11819 Miami St., Suite 100, Omaha, NE 68164.

MERSCORP Holdings, Inc., parent of defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) (*See*: CONSENT ORDER[15], attached), and, upon information and belief, may be served at 11819 Miami St., Suite 100, Omaha, NE 68164.

ICE Mortgage Technology™ – the parent of MERSCORP Holdings – is a Delaware corporation purporting a headquarters address of 4420 Rosewood Dr., Suite 500, Pleasanton, CA 94588, and, upon information and belief, may also be served at 11819 Miami St., Suite 100, Omaha, NE 68164.

RITHM CAPITAL CORP., the parent of ICE Mortgage Technology™, is a Delaware Corporation, purporting a "...principal executive offices..." address of 1345

---

[11] Per SEC, File 001-35777 · Rithm Capital Corp. [ formerly New Residential Investment Corp. ]

[12] In addition to his position as Chief Legal and Compliance Officer and Secretary of Caliber Home Loans, Inc., Spencer Mosness currently occupies positions as General Counsel and Compliance Officer, *aka* Chief Legal, Risk & Compliance Officer, Rithm Capital; Chief Legal and Compliance Officer and Secretary, *aka* Chief Legal & Risk Officer, of Newrez LLC.

[13] 'S-1' on 10_1_20, as amended by 'S-1_A' on 10_6_20; 'S-1/A' on 10_21_20; 'S-1_A' on 1_21_21.

[14] IPO_ 'RW' on 11_15_21, showing the headquarters address of 1525 S BELT LINE RD, COPPELL, TX 75019 (sic).

[15] OCC No. AA-EC-11-20; Board of Governors Docket Nos. 11-051-B-SC-1, 11-051-B-SC-2; FDIC-11-194b; OTS No. 11-040; FHFA No. EAP-11-01. – MERS Consent Order, p. 2.

Avenue of the Americas, 45th Floor, New York, New York, 10105; and, upon information and belief, may be served in Delaware, or at 1345 Avenue of the Americas, 45th Floor, New York, New York, 10105.

NEWREZ, LLC is a Delaware Limited Liability Company (*f/k/a* New Penn Financial, LLC)[16], registered in Pennsylvania as a Foreign Limited Liability Company, purporting a business address of 601 OFFICE CENTER DR SUITE 100 FORT WASHINGTON, PA 19034;[17] is not, upon information and belief, registered to do business in New Jersey.

SHELLPOINT MORTGAGE SERVICING, LLC is a South Carolina Limited Liability Company, purporting a business address of 75 Beattie Pl Ste 300, Greenville, SC 29601-2138;[18] is not, upon information and belief, registered to do business in New Jersey, is a "dba" of NEWREZ, LLC. FITCH, *supra*.

ALL DEFENDANTS – with respect to each other – fall within the definition "affiliate" as set forth in 12 U.S.C. §§ 1841(k), 2602(8), and 5481(1), as well as in 15 U.S.C. § 1639(o).[19]

## JURISDICTION AND VENUE

This court has federal question jurisdiction with respect to the federally-regulated bank defendants, pursuant to 28 U.S.C. § 1331; diversity jurisdiction under 28 U.S.C. § 1332; supplemental jurisdiction with respect to the non-bank defendants, pursuant to

---

[16] *See*: Richard Koch, Adena Bernot, FITCH RATINGS SERVICER REPORT, April 22, 2022, *supra*,
[17] "Newrez Servicing services loans originated by Newrez or purchased by New Residential, consisting of primarily performing loans underwritten by the GSEs…". Fitch Ratings Servicer Report | April 22, 2022.
[18] "Shellpoint Servicing services third-party client portfolios and manages all delinquent loans as a special servicer. "Fitch Ratings Servicer Report | April 22, 2022.
[19] Additional affiliates – as yet unnamed as defendants – include, but are not limited to: , New Residential Investment Corp, t Co-Originator Trust 2017-2, Shellpoint Mortgage Acceptance LLC;  Specialized Loan Servicing (SLS), Rithm Capital Corp, "Same IRS #: New Residential Funding I LLC – 2/13/24 – SEC # 1625362".

28 U.S.C. § 1367(a); 15 U.S.C. § 1640(k), and, pursuant to 12 U.S.C. § 2614; 18 U.S.C. § 1964(c), for violations of 18 U.S.C. §§ 892; 893; 894; 1001; 1010; 1012; 1021; 1032; 1341; 1342; 1343; 1344; 1346; 1348; 1349; 1956; 1957; 1961; 1962. 18 U.S.C. § 1964(a), including but not limited to, violations of 18 U.S.C. §§ 1001; 1010; 1961; 1962.

Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred, and the entirety of property that is the subject of the action, is situated in the District of New Jersey.

## FACTUAL BACKGROUND

On September 25, 2015, Plaintiff, vision-impaired, entered into a contract consisting of a Promissory Note purportedly "secured" by a Mortgage, believing same to be in favor of ABSOLUTE HOME MORTGAGE CORPORATION. However,

A search of the Burlington County records ("Mortgage Search – Record Selection"), *See*: Exhibit 1, "Burlington County Mortgage Search Results Display.jpg", as well as Exhibit 2, "Instrument Details" re Instrument # 5169210, officially recorded in Book OR-13191, page 4859 (Burlington County Document Summary Sheet, Page 1 of 2), identifies a different entity – MERS – as "Indirect Party"[20]; *See*: FIGURE 1.1, Data Row 1. Further,

FIGURE 1.1

| Type | Direct Party | Indirect Party | Instr umen t # | Recorde d | Town Name | Block | Lot | Quali fier | Book | Pag e |
|---|---|---|---|---|---|---|---|---|---|---|
| *MORTGAGE* | *HARDE N GLENN* | *MERS* | *51692 10* | *9/25/201 5* | *WILLINGB ORO TWP* | *402* | *2* | | *OR-13191* | *485 9* |
| MORTGAGE | HARDEN GLENN | NEW JERSEY HOUSING & MTG FIN AGENCY | 52924 76 | 4/7/2017 | WILLINGBO RO TWP | 402 | 2 | | OR-13271 | 7765 |
| MORTGAGE | HARDEN GLENN | USA SEC OF HUD | 54667 74 | 6/26/201 9 | WILLINGBO RO TWP | 402 | 2 | | OR-13393 | 9232 |

[20] The initial search results also shows "NEW JERSEY HOUSING & MTG FIN AGENCY" (sic), and, "USA SEC OF HUD" (sic) as "Indirect Party[s]".

Neither "Burlington County Cover Sheet" nor the "Burlington County Document Summary Sheet, (Page 1 of 2)" identifies "ABSOLUTE HOME MORTGAGE CORPORATION", at all (although the "Burlington County Document Summary Sheet, (Page 2 of 2)" does so). In addition,

The Mortgage document – recorded under Instrument # 5169210 – identifies "ABSOLUTE HOME MORTGAGE CORPORATION" as "Lender", while specifying that MERS, Mortgage Electronic Registration Systems, Inc., "...a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns..." is, "...***mortgagee*** *under this Security Instrument...*"[21] (bold and italic emphases added). Notably,

The Mortgage document recorded under Instrument # 5169210 neither purports, states, nor infers, that it constitutes an "Assignment" of the unrecorded – and as yet unproduced – **Promissory Note**; NOR does it convey any authority for MERS – as "... nominee..."; as "... mortgagee..."; to "assign" said Promissory Note.

The filing of the original mortgage with MERS as both "Indirect Party", and using the designation "Second Party Name" creates the legal presumption that ABSOLUTE HOME MORTGAGE CORPORATION entered into the contract (Promissory Note and Mortgage, *aka* "Security Instrument") underlying this action with the underlying intention of using MERS as a vehicle for *securitizing* the contract, *See*: Handbook, p.2; *See also*: Investopedia, *e.g.*, "...to remove [the asset] from its balance sheets ...", and IMF article;

    1.  without Plaintiff's knowledge,  *See*: Handbook, pp. 7-8;

---

[21] The MERS Mortgage recorded as Instrument # 5169210 neither states, nor infers, that it constitutes an "Assignment" of the unrecorded – and so far unproduced – **Promissory Note**; NOR does it convey any authority for MERS to "assign" said Promissory Note.

2. to maintain the illusion that the transaction (Mortgage, aka "Security Instrument") continues to "secure" a debt (Promissory Note) remains an "on the books" asset, p. 9, ***

3. to prevent the filing of *interim* or *intervening* "assignments of mortgage" in the Burlington County property records.

Subsequently, three (3) "Assignment[s] of Mortgage" were filed in Burlington County on December 7, 2016. *See*: FIGURE 1.2.

**Figure 1.2**

| Type (Titled) | Direct Party | Indirect Party | Instrument # | Recorded | Town Name | Block | Lot | Qualifier* | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERVNEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ "; | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERV SHELLPOINT MTG SERV | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMENT OF MORTGAGE NEWREZ NEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |

ALL three (3) of which, as shown in FIGURE 1.2, and on Exhibit 3 as being:

- from ABSOLUTE HOME MORTGAGE CORPORATION...;

- from MERS; and,

- from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

---

* "Qualifier" column contains no data, and is therefor narrowed.

ALL three (3) of which "Assignment[s] of Mortgage" are identical, identifying MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as "First Party"; and, identifying CALIBER HOME LOANS INC., as "Second Party".

ALL three (3) of which were filed at exactly 12:14 PM.

ALL three (3) of which "Assignment[s] of Mortgage" were notarized in the State of Oklahoma, County of Oklahoma, by one "Mindi Coleman", purported to be "Assistant Secretary" of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., "...organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS" (sic)[23].

Subsequently, six (6) "Assignment[s] of Mortgage" were filed in Burlington County on February 29, 2024, *See*: Figure 1.3 , and on Exhibit 3 as being:

**Figure 1.3**

| Type (Titled) | Direct Party | Indirect Party | Instrume nt # | Recorded | Town Name | Block | Lot | Qu alif ier[24] | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|
| ASSIGNMEN T OF MORTGAGE SHELLPOINT MTG SERV; NEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ "; | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN T OF MORTGAGE SHELLPOINT MTG SERV SHELLPOINT MTG SERV | CALIBER HOME LOANS INC; NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN T OF MORTGAGE NEWREZ NEWREZ | NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN | NEWREZ; | SHELLPO | 5879857 | 2/29/2024 | WILLI | 402 | 2 | | OR- | 3878 |

---

[23] As detailed in Appendix ##, MERS Consent Order:"The Comptroller of the Currency of the United States of America ("Comptroller"), through his national bank examiners and other staff of the Office of the Comptroller of the Currency ("OCC"), the Board of Governors of the Federal Reserve System, Washington, D.C. ("Board of Governors"), the Federal Deposit Insurance Corporation ("FDIC"), the Office of Thrift Supervision ("OTS"), and the Federal Housing Finance Agency ("FHFA") (collectively the "Agencies")" (sic), found, on page 4, ARTICLE II, AGENCIES' FINDINGS, paragraph (3): "MERS takes action as mortgagee through documents executed by "certifying officers" of MERS... who are officers or employees of Members...".

[24] "Qualifier" column contains no data, and is therefor narrowed.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| T OF MORTGAGE NEWREZ SHELLPOINT MTG SERV | SHELLPOINT MTG SERV | INT MTG SERV; NEWREZ | | | NGBORO TWP | | | 13708 | |
| ASSIGNMENT OF MORTGAGE NEWREZ | NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ; | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | OR-13708 | 3878 |
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERV | NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV ;NEWREZ | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | OR-13708 | 3878 |

- from "First Party" CALIBER HOME LOANS INC., to "Second Party" SHELLPOINT MTG SERV;

- from "First Party" CALIBER HOME LOANS INC., to "Second Party" NEWREZ[25]; then,

- from "First Party" NEWREZ, to "Second Party" SHELLPOINT MTG SERV; then,

- from "First Party" NEWREZ to "Second Party" NEWREZ; then,

- from "First Party" SHELLPOINT MTG SERV to "Second Party" SHELLPOINT MTG SERV; then,

- from "First Party" SHELLPOINT MTG SERV to "Second Party" NEWREZ.

ALL six (6) of which "Assignment[s] of Mortgage" are shown as bearing "Instrument Number 5879857;

ALL six (6) of which are shown as "recorded" in BOOK OR 13708, PAGE 3878;

ALL six (6) of which were filed at exactly 11:29 AM; ALL six (6) of which "Assignment[s] of Mortgage" were, by all appearances, executed in State of Florida, County of Pinellas,

---

[25] SEC # 1650733

in the name of "CALIBER HOME LOANS, INC., by NEWREZ LLC D/B/A

SHELLPOINT MORTGAGE SERVICING, its Attorney-in-Fact"; executed by one

"Angela Pavao", purportedly a "Vice President"[26] , was notarized in Florida.

### ALLEGATIONS OF VIOLATIONS OF the REAL ESTATE SETTLEMENT PROCEDURES ACT, the TRUTH IN LENDING ACT, and the FAIR DEBT COLLECTION PRACTICES ACT

#### COUNT ONE: VIOLATION OF 12 U.S.C. § 2603 (RESPA)

To the best of my recollection, and upon records available to me, defendant

ABSOLUTE HOME MORTGAGE CORPORATION failed to provide the "uniform

settlement statement" required by 12 U.S.C. § 2603 (RESPA)

#### COUNT TWO: VIOLATION OF 12 U.S.C. § 2604 (RESPA).

To the best of my recollection, and upon records available to me, defendant

ABSOLUTE HOME MORTGAGE CORPORATION failed to provide the "home buying

information booklet" required by 12 U.S.C. § 2604(a) through (e).

#### COUNT THREE: VIOLATION OF 12 U.S.C. § 2605(a) (RESPA).

To the best of my recollection, and upon records available to me, defendant

ABSOLUTE HOME MORTGAGE CORPORATION, acting in concert with defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., failed to "...disclose to

[me, the Plaintiff], *at the time of application for the loan* (italic emphasis added),

whether the servicing of the loan may be assigned, sold, or transferred...", as required

by 12 U.S.C. § 2605(a).

---

[26] It is unclear whether "Angela Pavao" is purported to be a "Vice President" of CALIBER HOME LOANS, Inc., *See*: **Figure 1.3**, below, Data Rows 1 and 2; or of NEWREZ LLC – a Delaware Limited Liability Company – or its "D/B/A" affiliate, SHELLPOINT MORTGAGE SERVICING. *See*: **Figure 1.3**, below, Data Rows 3 through 6. *See also*: n. 21, above.

### COUNT FOUR: VIOLATION OF 12 U.S.C. § 2605(b)(1) (RESPA).

To the best of my recollection, and upon records available to me, defendant ABSOLUTE HOME MORTGAGE CORPORATION failed to "...notify [me, the Plaintiff] in writing of any assignment, sale, or transfer of the servicing of the loan..." to CALIBER HOME LOANS INC., as required by 12 U.S.C. § 2605(b)(1).

### COUNT FIVE: VIOLATION OF 12 U.S.C. § 2605(b)(2) (RESPA).

To the best of my recollection, and upon records available to me, defendant ABSOLUTE HOME MORTGAGE CORPORATION failed to provide "...the notice required under paragraph (1)[27] [to me, the Plaintiff] *not less than 15 days before the effective date of transfer* of the servicing ..." (italic and underline emphases added) to CALIBER HOME LOANS INC., as required by 12 U.S.C. § 2605(b)(2).

### COUNT SIX: VIOLATION OF 12 U.S.C. § 2605(b)(1) (RESPA)

To the best of my recollection, and upon records available to me, defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., failed to "...notify [me, the Plaintiff] in writing of any assignment, sale, or transfer of the servicing of the loan ..." to CALIBER HOME LOANS INC., as required by 12 U.S.C. § 2605(b)(1).

### COUNT SEVEN: VIOLATION OF 12 U.S.C. § 2605(b)(2) (RESPA)

To the best of my recollection, and upon records available to me, defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., failed to provide "...the notice required under paragraph (1)[28] [to me, the Plaintiff] *not less than 15 days before the effective date of transfer* of the servicing ..." (italic and underline emphases added) to CALIBER HOME LOANS INC., as required by 12 U.S.C. § 2605(b)(2).

---

[27] 12 U.S.C. § 2605(b)(1), specifically referencing "...the loan...".
[28] 12 U.S.C. § 2605(b)(1), specifically referencing "...the loan...".

### COUNT EIGHT: VIOLATION OF REGULATION X (RESPA)[29];

To the best of my recollection, and upon records available to me, defendant ABSOLUTE HOME MORTGAGE CORPORATION failed to provide "...an Affiliated Business Arrangement Disclosure Statement (appendix D of Regulation X)..." specifying "...the nature of the relationship (explaining the ownership and financial interest) between the provider and the loan originator... the estimated charge or range of charges generally made by such provider... on a separate piece of paper either at the time of loan application, or with the GFE, or at the time of the referral", in violation of 12 C.F.R. § 1024.14.

### COUNT NINE: VIOLATION OF REGULATION X (RESPA)[30];

To the best of my recollection, and upon records available to me, defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., failed to provide "...an Affiliated Business Arrangement Disclosure Statement (appendix D of Regulation X)..." specifying "...the nature of the relationship (explaining the ownership and financial interest) between the provider and the loan originator... the estimated charge or range of charges generally made by such provider... on a separate piece of paper either at the time of loan application, or with the GFE, or at the time of the referral", in violation of 12 C.F.R. § 1024.14.

### COUNT TEN: VIOLATION OF 15 U.S.C. § 1604(b) (TILA), *as amended*.

To the best of my recollection, and upon records available to me, defendant ABSOLUTE HOME MORTGAGE CORPORATION failed to provide the "...integrated disclosure for mortgage loan transactions ...which includes the disclosure requirements

---

[29] Promulgated to implement 12 U.S.C. 2601 *et seq.*; *See*: Regulation X, CFPB April 2015 RESPA 1
[30] Promulgated to implement 12 U.S.C. 2601 *et seq.*; *See*: Regulation X, CFPB April 2015 RESPA 1

of this subchapter[31] in conjunction with the disclosure requirements of the Real Estate Settlement Procedures Act of 1974 [12 U.S.C. 2601 et seq.] that, taken together, may apply to a transaction that is subject to both or either provisions of law... to facilitate compliance with the disclosure requirements... and to aid the borrower or lessee in understanding the transaction by utilizing readily understandable language..." in violation of 15 U.S.C. § 1604(b); therefor subject to a "...fine[ of] not more than $5,000 or imprison[ment for] not more than one year, or both..." pursuant to 15 U.S.C. § 1611, and, upon proof that a "loan servicer engaged in an ongoing pattern and practice of violating RESPA...", damages of "... up to $2,000 per violation."

### COUNT ELEVEN: VIOLATION OF 15 U.S.C. § 1641(f) (TILA[32]).

To the best of my recollection, and upon records available to me, defendant CALIBER HOME LOANS, INC., is no more than, "A servicer[33] of a consumer obligation arising from a consumer credit transaction...", 15 U.S.C. § 1641(f)(1), which "...shall not be treated as an assignee of such obligation ..." Id., on the basis that no "assignment of mortgage" effects any assignment of the Promissory Note. *Kemp v Countrywide*, U.S. Bankruptcy Court, District of New Jersey, Case No. 08-18700-JHW, Adversary No. 08-2448, wherein Chief Judge Wizmur, at p. 13, elaborated upon "The significance of indorsement and affixation requirements to achieve holder status...". Any claim that "... the servicer is or was the owner..." Id., is hearsay in the absence of evidence – Note and Allonge (indorsement and affixation) – meeting the "best evidence rule".

### COUNT TWELVE: VIOLATION OF REGULATION Z (TILA)

---

[31] SUBCHAPTER I - CONSUMER CREDIT COST DISCLOSURE
[32] "The Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, was enacted on May 29, 1968, as title I of the Consumer Credit Protection Act (Pub. L. 90-321). The TILA, implemented by Regulation Z (12 CFR 1026), became effective July 1, 1969." - CFPB April 2015 TILA 1
[33] "For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12". 15 U.S.C. § 1692(f)(3). "Servicer" defined

To the best of my recollection, defendant CALIBER HOME LOANS INC., failed to "...mail or deliver the disclosures required by this section to [me, Plaintiff] on or before the 30th calendar day following the date of transfer..."; 12 C.F.R. § 39(b) and (d).

**COUNT THIRTEEN: VIOLATION OF 15 U.S.C. § 1692(f), *inclusive*. (FDCPA[34] )**

To the best of my recollection, and upon records available to me, defendant CALBER HOME LOANS, INC., is no more than, "A servicer[35] of a consumer obligation arising from a consumer credit transaction...", 15 U.S.C. § 1641f(1) , "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law...", and Id., (6)(A), "...there is no present right to possession of the property claimed as collateral through an enforceable security interest...".

**COUNT FOURTEEN: VIOLATION OF 15 U.S.C. § 1641f(1). (FDCPA)**

To the best of my recollection, defendant CALIBER HOME LOANS INC. – the alleged "...creditor that is the new owner or assignee of the debt..." – failed to "...notify [me, the Plaintiff]... in writing... not later than 30 days after the date on which a mortgage loan is *sold or otherwise transferred or assigned*..." in violation of 15 U.S.C. § 1641f(1)[36], *inclusive*; subject to a "...fine[ of] not more than $5,000 or imprison[ment for] not more than one year, or both..." pursuant to 15 U.S.C. § 1611(1); and, upon proof that a "loan servicer engaged in an ongoing pattern and practice of violating RESPA...", damages of "... up to $2,000 per violation."

**COUNT FIFTEEN: VIOLATION OF 15 U.S.C. § 1692g(a), inclusive, (FDCPA)**

---

[34] Title VIII of the Consumer Credit Protection Act (Pub. L. 90-321).
[35] "For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12". 15 U.S.C. § 1692(f)(3). "Servicer" defined
[36]

To the best of my recollection, and upon records available to me, defendant CALBER HOME LOANS, INC., failed to "Within five days after the initial communication with [me, Plaintiff] in connection with the collection of any debt... send [me, Plaintiff] a written notice containing..." the information required by 15 U.S.C. § 1692g(a)(1) through (5); making said defendant subject to a "...fine[ of] not more than $5,000 or imprison[ment for] not more than one year, or both..." pursuant to 15 U.S.C. § 1611(1).

### COUNT SIXTEEN: VIOLATION OF 15 U.S.C. § 1692f, *inclusive*. (FDCPA[37])

To the best of my recollection, and upon records available to me, defendant CALBER HOME LOANS, INC., is no more than, "A servicer[38] of a consumer obligation arising from a consumer credit transaction...", 15 U.S.C. § 16f(1) , "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law...", and Id., (6)(A), "...there is no present right to possession of the property claimed as collateral through an enforceable security interest...".


### ALLEGATIONS OF FRAUD; CONSPIRACY

Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs in this Complaint as if the same were fully set forth herein.

COUNT SEVENTEEN: FRAUD; IN VIOLATION OF 18 U.S.C. §§ 1001(a).[39]

---

[37] Title VIII of the Consumer Credit Protection Act (Pub. L. 90-321).
[38] "For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12". 15 U.S.C. § 1692(f)(3). "Servicer" defined
[39] The evidence will show that the foregoing subject matter of this action relates to "...matter within the jurisdiction..." as specified in 18 U.S.C. § 1001(a).

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and Figures 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that the filing of three through (3) substantially identical "Assignment[s] of Mortgage" at exactly the same time (12:14 PM), on exactly the same date (December 7, 2016), under the same Record Number, – all notarized in the State of Oklahoma, signed by a likely "...officer[] or employee[]..." of CALIBER HOME LOANS INC., *See: nn.* 21, 23, above – was (were) intended to "...conceal[] or cover[] up by [] trick, scheme, or device... [the] material fact ...", that ABSOLUTE HOME MORTGAGE CORPORATION, together with MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC, with the approval – and under the direction– of its parent MERSCORP Holdings, Inc. (See: *CONSENT ORDER* , attached), entered into the above-referenced contract (Promissory Note and Mortgage, aka "Security Instrument") underlying this action with the intention of *securitizing* the transaction, and, using MERS' "nominee" designation to "...conceal[] or cover[] up by [] trick, scheme, or device... [the] material fact[s]..." the numerous "assignments of mortgage" entailed in the process of *securitization* by and through CALIBER HOME LOANS, INC., SEC # 1821440, to avoid[40] and/or prevent[41] the duty to file same in the Burlington County property records; thereby violating 18 U.S.C. § 1001(a)(1) – (3). *See:* FIGURE 1.1, Data Row 1[42]; therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 5 years...".

**FIGURE 1.1**

| Type | Direct Party | Indirect Party | Instrument # | Recorded | Town Name | Block | Lot | Qualifier | Book | Page |
|------|-------------|----------------|--------------|----------|-----------|-------|-----|-----------|------|------|
| *MORTGAGE* | *HARDEN* | *MERS* | *516921* | *9/25/20* | *WILLINGBO* | *40* | *2* | | *OR-* | *485* |

[40] Black's Law Dictionary, 6ᵗʰ Edition, p 136, "To [inter alia] evade; escape"
[41] Black's Law Dictionary, 6ᵗʰ Edition, p 1188 "To hinder, frustrate, prohibit, impede, or preclude; to obstruct; to intercept."
[42] Bold, italic emphases added.

| | *GLENN* | | *O* | *15* | *RO TWP* | *2* | | | *13191* | *9* |
|---|---|---|---|---|---|---|---|---|---|---|
| MORTGAGE | HARDEN GLENN | NEW JERSEY HOUSIN G & MTG FIN AGENCY | 5292476 | 4/7/2017 | WILLINGBOR O TWP | 402 | 2 | | OR-13271 | 7765 |
| MORTGAGE | HARDEN GLENN | USA SEC OF HUD | 5466774 | 6/26/20 19 | WILLINGBOR O TWP | 402 | 2 | | OR-13393 | 9232 |

However, the 9/25/2015 "Mortgage" – Instrument # 5169210, identifying MERS – appears to have been superseded on 4/7/2017 – Instrument # 5292476, identifying NEW JERSEY HOUSING & MTG FIN AGENCY[43] – which, itself, appears to have been superseded on 6/26/2019 – Instrument # 5466774, identifying USA SEC OF HUD[44].

Don't quite know where this will be placed, yet.

## COUNT EIGHTEEN

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that the affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., and CALIBER HOME LOANS, INC., –– thereupon and thereafter joined by affiliated defendants NEWREZ, LLC;, and, SHELLPOINT MORTGAGE SERVICING – caused the filing of six (6) substantially identical "Assignment[s] of Mortgage" – purportedly executed in State of Florida, County of Pinellas, in the name of "CALIBER HOME LOANS, INC., by NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, its Attorney-in-Fact", executed by one "Angela Pavao", purportedly a "Vice President", notarized in Florida, *See*: n. 21, above – at exactly the same time (11:29 AM), on the same date (2/29/2024), under the same Record Number  as shown in contained in

---

[43] FIGURE 1.1, Data Row 2.
[44] FIGURE 1.1, Data Row 3

FIGURE 1.2, below, was/were [a] further act[s] to "...conceal[] or cover[] up by [] trick, scheme, or device... [the] material fact[s]..." the numerous "assignments of mortgage" entailed in the process of *securitization* by and through CALIBER HOME LOANS, INC., SEC # 1821440, to avoid[45] and/or prevent[46] the duty to file same in the Burlington County property records; thereby violating 18 U.S.C. § 1001(a)(1) − (3); therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 5 years...".

**Figure 1.2**

| Type (Titled) | Direct Party | Indirect Party | Instrument # | Recorded | Town Name | Block | Lot | Qualifier[47] | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERVNEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ "; | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERV SHELLPOINT MTG SERV | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMENT OF MORTGAGE NEWREZ NEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |

**Figure 1.3**

| Type (Titled) | Direct Party | Indirect Party | Instrument # | Recorded | Town Name | Block | Lot | Qualifier[48] | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|
| ASSIGNMENT OF MORTGAGE SHELLPOINT MTG SERV; NEWREZ | CALIBER HOME LOANS INC; NEWREZ; SHELLPOINT MTG SERV | SHELLPOINT MTG SERV; NEWREZ "; | 5879857 | 2/29/2024 | WILLINGBORO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMENT OF | CALIBER HOME | SHELLPOINT MTG | 5879857 | 2/29/2024 | WILLINGBO | 402 | 2 | | OR-13708 | 3878 |

[45] Black's Law Dictionary, 6th Edition, p 136, "To [inter alia] evade; escape"
[46] Black's Law Dictionary, 6th Edition, p 1188 "To hinder, frustrate, prohibit, impede, or preclude; to obstruct; to intercept."
[47] "Qualifier" column contains no data, and is therefor narrowed.
[48] "Qualifier" column contains no data, and is therefor narrowed.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| MORTGAGE SHELLPOINT MTG SERV SHELLPOINT MTG SERV | LOANS INC; NEWREZ; SHELLPOIN T MTG SERV | SERV; NEWREZ | | | RO TWP | | | | | |
| ASSIGNMEN T OF MORTGAGE NEWREZ NEWREZ | NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN T OF MORTGAGE NEWREZ SHELLPOINT MTG SERV | NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN T OF MORTGAGE NEWREZ | NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV; NEWREZ; | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |
| ASSIGNMEN T OF MORTGAGE SHELLPOINT MTG SERV | NEWREZ; SHELLPOIN T MTG SERV | SHELLPO INT MTG SERV ;NEWREZ | 5879857 | 2/29/2024 | WILLI NGBO RO TWP | 402 | 2 | | OR-13708 | 3878 |

## COUNT NINETEEN: VIOLATION OF 18 U.S.C. § 1010

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING – ancillary to Counts One through Sixteen, above – acted in concert "... for the purpose of obtaining any loan or advance of credit... with the intent that such... shall be offered to or accepted by the Department of Housing and Urban Development... for the purpose of influencing in any way the action of such Department, make[d], passe[d], utter[ed], or publishe[d]... as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalue[d] any security, asset, or income...", in violation of 18 U.S.C. § 1010, to my detriment; therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 2 years, or both..."

**COUNT TWENTY: VIOLATION OF 18 U.S.C. § 1012**

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that the filing of three (3) substantially identical "Assignment[s] of Mortgage" at exactly the same time (12:14 PM), on the same date (December 7, 2016), under the same Record Number, – all notarized in the State of Oklahoma – I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING – ancillary to Counts One through Seventeen, above – acted in concert, intending to "...induce[] or influence[] such Department [of Housing and Urban Development] to purchase or acquire any property or to enter into any contract and willfully fail[ed] to disclose any interest which [each] has in such property or in the property to which such contract relates, or any special benefit which he expects to receive as a result of such contract..." in violation of 18 U.S.C. § 1012; therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 1 year, or both...".

**COUNT TWENTY-ONE: VIOLATION OF 18 U.S.C. § 1021**

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE

SERVICING – ancillary to Counts One through Eighteen, above – acting in concert, "...knowingly certifie[d] falsely that... a conveyance of real property or any other instrument which by such law may be recorded... has or has not been recorded..." violation of <u>18 U.S.C. § 1021; therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 5 years, or both...".</u>

### COUNT TWENTY-TWO: VIOLATION OF <u>18 U.S.C. § 1032</u>

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING – ancillary to Counts One through Nineteen, above – acting in concert, "...(1) ...knowingly conceal[d] or endeavor[ed] to conceal an asset or property from... any conservator appointed by the Comptroller of the Currency, the Federal Deposit Insurance Corporation... or the National Credit Union Administration Board... (2) corruptly impede[d] or endeavor[ed] to impede the functions of such... or... (3) corruptly place[d] or endeavor[ed] to place an asset or property beyond the reach of such...", in violation of <u>18 U.S.C. § 1032</u>; therefor subject to "...fine[] under this title, [and] imprison[ment for] not more than 5 years, or both...".

### COUNT TWENTY-THREE: VIOLATION OF <u>18 U.S.C. § 1341</u>

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated

defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,

CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE

SERVICING, acting in concert, "… having devised or intending to devise any scheme or

artifice to defraud… by means of false or fraudulent pretenses, representations, or

promises… [or] for the purpose of executing such scheme or artifice or attempting so to

do, place[d] in any post office or authorized depository for mail matter, any matter or

thing whatever to be sent or delivered by the Postal Service, or… by any private or

commercial interstate carrier… any such matter or thing…", in violation of 18 U.S.C. §

1341; therefor subject to "…fine[] under this title, [and] imprison[ment for] not more

than 20 years, or both…"[49].

### COUNT TWENTY-FOUR: VIOLATION OF 18 U.S.C. § 1342

Upon information and belief, based upon the Appendices cited in the

INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3

herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated

defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,

CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE

SERVICING, – ancillary to the allegations specified in Counts One through Twenty-One,

above – acted in concert, "…for the purpose of conducting, promoting, or carrying on by

means of the Postal Service, any scheme or device mentioned in section 1341 of this title

or any other unlawful business, use[d] or assume[d], or request[ed] to be addressed by,

---

[49] Under specified circumstances, penalties could reach "fine[ of] not more than $1,000,000or imprison[ment of] not more than 30 years, or both."

any fictitious, false, or assumed title, name, or address or name other than his own

proper name, or [took] or receive[d] from any post office or authorized depository of

mail matter, any letter, postal card, package, or other mail matter addressed to any such

fictitious, false, or assumed title, name, or address, or name other than his own proper

name...", in violation of 18 U.S.C. § 1342; therefor subject to "...fine[] under this title,

[and] imprison[ment for] not more than 20 years, or both..."[50].

### COUNT TWENTY-FIVE: VIOLATION OF 18 U.S.C. § 1343

Upon information and belief, based upon the Appendices cited in the

INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3

herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated

defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,

CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE

SERVICING, – ancillary to the allegations specified in Counts One through Twenty-

Two, above –  acted in concert, "...having devised or intending to devise any scheme or

artifice to defraud, or for obtaining money or property by means of false or fraudulent

pretenses, representations, or promises, transmit[ted] or cause[d] to be transmitted by

means of wire, radio, or television communication in interstate or foreign commerce,

any writings, signs, signals, pictures, or sounds for the purpose of executing such

scheme or artifice...", in violation of 18 U.S.C. § 1343; therefor subject to "...fine[] under

this title, [and] imprison[ment for] not more than 20 years, or both..."[51].

### COUNT TWENTY-SIX: VIOLATION OF 18 U.S.C. § 1344

---

[50] Under specified circumstances, penalties could reach "fine[ of] not more than $1,000,000or imprison[ment of] not more than 30 years, or both."
[51] Under specified circumstances, penalties could reach "fine[ of] not more than $1,000,000or imprison[ment of] not more than 30 years, or both."

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING, – ancillary to the allegations specified in Counts One through Twenty-Three, above – acted in concert, as a matter of necessity, "...execute[d], or attempt[ed] to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises...", in violation of 18 U.S.C. § 1344; therefor subject to "...fine[ of] not more than $1,000,000 [and] imprison[ment for] not more than 30 years, or both...".

## COUNT TWENTY-SEVEN: VIOLATION OF 18 U.S.C. § 1346

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING, – ancillary to the allegations specified in Counts One through Twenty-Four, above – acted in concert, "For the purposes of this chapter, the term "scheme or

artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services."

## COUNT TWENTY-EIGHT: VIOLATION OF 18 U.S.C. § 1348

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING, – ancillary to the allegations specified in Counts One through Twenty-Five, above – acted in concert, "...execute[d[, or attempt[ed] to execute, a scheme or artifice—

(1) to defraud any person in connection with any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)); or

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15

U.S.C.78o(d)...", in violation of <u>18 U.S.C. § 1348</u>; therefor subject to "...fine[]
[and] imprison[ment for] not more than 25 years, or both...".

### COUNT TWENTY-NINE: VIOLATION OF <u>18 U.S.C. § 1349</u>

Upon information and belief, based upon the Appendices cited in the
INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3
herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated
defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,
with the approval – and under the direction– of its (MERSCORP'S) parent ICE
Mortgage Technology™, with the approval – and under the direction– of its own parent
RITHM CAPITAL CORP. (the parent of CALIBER HOME LOANS, INC., NEWREZ, LLC,
and, SHELLPOINT MORTGAGE SERVICING)CALIBER HOME LOANS, INC.,
NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING), – ancillary to the
allegations specified in Counts One through Twenty-Six, above –  acted in concert, to "...
attempt[] or conspire[] to commit any offense under this chapter...", and are thereby "...
subject to the same penalties as those prescribed for the offense, the commission of
which was the object of the attempt or conspiracy."

### COUNT THIRTY: VIOLATION OF <u>18 U.S.C. § 1952</u>

Upon information and belief, based upon the Appendices cited in the
INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3
herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated
defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,
with the approval – and under the direction– of its parent ICE Mortgage Technology™,

with the approval – and under the direction– of its own parent RITHM CAPITAL CORP. (the parent of CALIBER HOME LOANS, INC., since August, 2021, NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING), – ancillary to the allegations specified in Counts One through Twenty-Seven, above –  acted in concert, to "...use[] the mail or any facility in interstate or foreign commerce, with intent to– (1) distribute the proceeds of any unlawful activity...  or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on... and thereafter perform[d] or attempt[ed] to perform... (A) an act described in paragraph (1) or (3)...", in violation of 18 U.S.C. § 1952(a)(1), (3); and therefor – pursuant to said paragraph (A) – subject to  "...fine[] [and] imprison[ment for] not more than 5 years, or both...".

### COUNT THIRTY-ONE: VIOLATION OF 18 U.S.C. § 1956

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., with the approval – and under the direction– of its parent ICE Mortgage Technology™, with the approval – and under the direction– of its own parent RITHM CAPITAL CORP. (the parent of CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING) – ancillary to the allegations specified in Counts One through Twenty-Seven, above –  acted in concert, "...knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conduct[ed] or attempt[ed] to conduct such a financial transaction which in fact involve[d] the proceeds of specified unlawful activity–

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of theInternal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law…",

in violation of 18 U.S.C. § 1956; and therefor subject to "…fine[]of not more than $500,000 or twice the value of the property involved [and] imprison[ment for] not more than twenty years, or both…".

### COUNT THIRTY-TWO: VIOLATION OF 18 U.S.C. § 1957

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., with the approval – and under the direction– of its parent ICE Mortgage Technology™, with the approval – and under the direction– of its own parent RITHM CAPITAL CORP. (the parent of CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING) – ancillary to the allegations specified in Counts One through Twenty-Seven, above – acted in concert, "… in… circumstances set forth in subsection (d), knowingly engage[d] or attempt[ed[ to engage in a monetary transaction in criminally derived property of a value greater than $10,000… derived from specified unlawful activity…" in violation of 18 U.S.C. § 1957; and therefor, pursuant to

subsection(b) thereof, subject to "...fine[][and] imprison[ment for] not more than ten years, or both...".

## COUNT THIRTY-THREE: VIOLATION OF 18 U.S.C. § 892 (Making extortionate extensions of credit)

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., with the approval – and under the direction– of its parent ICE Mortgage Technology™, with the approval – and under the direction– of its own parent RITHM CAPITAL CORP. (the parent of CALIBER HOME LOANS, INC., NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING) – ancillary to the allegations specified in Counts One through Twenty-Seven, above – acted in concert, to "...make[] an[] extortionate extension of credit [as defined in 18 U.S.C. § 892(b)(2)], or conspire[d] to do so..."; and therefor, pursuant to subsection(a) thereof, subject to "...fine[][and] imprison[ment for] not more than 20 years, or both...".

## COUNT THIRTY-FOUR: VIOLATION OF 18 U.S.C. § 893 (Financing extortionate extensions of credit)

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,

with the approval – and under the direction– of its parent ICE Mortgage Technology™,
with the approval – and under the direction– of <u>its own</u> parent RITHM CAPITAL
CORP.; CALIBER HOME LOANS, INC., SEC registration number 333-249240, and its
subsidiaries, with the approval – and under the direction– of its parent, since August,
2021, RITHM CAPITAL CORP.; *See: nn.* 8, 9, 11, 13, 16, 17, 18, above,  NEWREZ, LLC,
and NEWREZ, LLC's dba, SHELLPOINT MORTGAGE SERVICING, with the approval –
and under the direction– of NEWREZ, LLC's parent RITHM CAPITAL CORP.; –
ancillary to the allegations specified in Counts One through Twenty-Seven, above –
acted in concert to "...advance[] money or property, whether as a gift, as a loan, as an
investment, pursuant to a partnership or profit-sharing agreement, or otherwise, *to*
[ABSOLUTE HOME MORTGAGE CORPORATION, with MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and its parent MERSCORP Holdings, Inc., with the
approval – and under the direction– of its (MERS CORP's) parent ICE Mortgage
Technology™, with the approval – and under the direction– of its own [ICE Mortgage
Technology's]parent RITHM CAPITAL CORP.] (italic emphasis added), with reasonable
grounds to believe that it is the intention of that person to use the money or property so
advanced directly or indirectly for the purpose of making extortionate extensions of
credit...", in violation of <u>18 U.S.C. § 893</u>]..."; and therefor, subject to  "...fine[] under this
title or an amount not exceeding twice the value of the money or property so
advanced...[and] imprison[ment for] not more than 20 years, or both...".

## COUNT THIRTY-FIVE: VIOLATION OF <u>18 U.S.C. § 894</u> (Collection of extensions of credit by extortionate means)

Upon information and belief, based upon the Appendices cited in the
INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3

herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants NEWREZ, LLC, and NEWREZ, LLC's dba, SHELLPOINT MORTGAGE SERVICING, with the approval – and under the direction of – NEWREZ, LLC's parent, RITHM CAPITAL CORP. ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and its parent MERSCORP Holdings, Inc., CALIBER HOME LOANS, INC., SEC registration number 333-249240 with the approval – and under the direction– of its parent, since August, 2021, RITHM CAPITAL CORP., and its subsidiaries, *See: nn.* 8, 9, 11, 13, 16, 17, 18, above, NEWREZ, LLC, and, SHELLPOINT MORTGAGE SERVICING – ancillary to the allegations specified in Counts One through Twenty-Seven, above –  acted in concert to "... knowingly participate[d] in any way, or conspire[d] to do so, in the use of any extortionate means... (1) to collect or attempt to collect... or (2) to punish... for the nonrepayment" [the alleged debt arising from ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and its parent MERSCORP Holdings, Inc., with the approval – and under the direction– of its (MERS CORP's) parent ICE Mortgage Technology™, with the approval – and under the direction– of its own [ICE Mortgage Technology's] parent RITHM CAPITAL CORP., in violation of 18 U.S.C. § 894(a)(1),(2)]; and therefor, subject to  "...fine[] under this title ... [and] imprison[ment for] not more than 20 years, or both...".

**COUNT THIRTY-SIX: VIOLATION OF 18 U.S.C. § 1962 (R.I.C.O.)**

Upon information and belief, based upon the Appendices cited in the INTRODUCTION, above, the Exhibits attached hereto, and FIGURES 1.1 through 1.3 herein, I, Plaintiff, believe that evidence to be adduced at trial will show that affiliated defendants ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc.,

CALIBER HOME LOANS, INC., SEC registration number 333-249240, and its

subsidiaries, with the approval – and under the direction– of its parent, since August,

2021, RITHM CAPITAL CORP., and its subsidiaries, See: *nn*. 8, 9, 11, 13, 16, 17, 18,

above, NEWREZ, LLC, and its dba SHELLPOINT MORTGAGE SERVICING, *See: nn.* 8,

9, 11, 13, 16, 17, 18, above, NEWREZ, LLC, and, SHELLPOINT MORTGAGE

SERVICING – ancillary to the allegations specified in Counts One through Twenty-

Seven, above –  acting in concert, "... through collection of an unlawful debt in which

such person has participated as a principal within the meaning of section 2[52], title 18,

United States Code... use[d] or invest[ed], directly or indirectly, any part of such income,

or the proceeds of such income, in acquisition of any interest in, or the establishment or

operation of, any enterprise which is engaged in, or the activities of which affect,

interstate or foreign commerce..." in violation of 18 U.S.C. § 1962(a). I, Plaintiff, further

believe that the exception therein[53] is precluded by the affiliation[54] between the

defendants, their subsidiaries,  their respective parent organizations, and their

subsidiaries, ad the defendants' respective parent organizations, and those parent

organizations' parent organizations.


WHEREFOR, I, Plaintiff, seek judgment against affiliated defendants

ABSOLUTE HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC

---

[52] 18 U.S.C. §2: "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."
[53] Involving "...purchase of securities on the open market for purposes of investment, and *without the intention of controlling or participating in the control of the issuer...*"/
[54] Falling within the definition "affiliate" as set forth in 12 U.S.C. §§ 1841(k), 2602(8), and 5481(1), as well as in 15 U.S.C. § 1639(o).

REGISTRATION SYSTEMS, INC., its parent MERSCORP Holdings, Inc., its (MERS

CORP's) parent ICE Mortgage Technology™, its own [ICE Mortgage Technology's]

parent RITHM CAPITAL CORP., and CALIBER HOME LOANS, INC., its parent RITHM

CAPITAL CORP., NEWREZ, LLC, its dba SHELLPOINT MORTGAGE SERVICING, and

its (NEWREZ, LLC's) parent ICE Mortgage Technology™, as well as its own [ICE

Mortgage Technology's] parent RITHM CAPITAL CORP., pursuant, but not limited, to

the provisions of Title 12 United States Code, Title 12, Code of Federal Regulations, Title

15, United States Code, and Title 18, United States Code, cited herein, in the amount of

ONE HUNDRED, NINETY-TWO THOUSAND, NINE HUNDRED FORTY DOLLARS ($

192,940.00) and ZERO CENTS; and further,

    I, Plaintiff, seek to "...recover threefold the damages he sustains..." , pursuant to

18 U.S.C. § 1964(c), in the amount of FIVE HUNDRED SEVENTY-EIGHT THOUSAND,

EIGHT HUNDRED TWENTY DOLLARS ($ 578,820.00) and NO CENTS "...and the cost

of the suit, including a reasonable attorney's fee...", pursuant to 18 U.S.C. § 1964(c).

Dated: ~~10/21/2024.~~ 11/8/2024

**RECEIVED**

NOV -8 2024

AT 8:30     M
CLERK U.S. DISTRICT COURT D.NJ

    Glenn Harden, Plaintiff, *in esse*, In Propria
Persona,

**Bibliography**

Administrator of National Banks. (1997). *Asset Securitization Comptroller's Handbook.* Washington, District of Columbia: Office of the Comptroller of Currency.

Feiler, K. (n.d.). Points of Interest. *On Reserve.* (T. Schilling, Ed.) Federal Reserve Bank of Chicago.

Gonczy, A. M. (1992, June). Modern Money Mechanics. *(1992 Revision).* Chicago, Illinois: Federal Reserve Bank of Chicago.

Jobst, A. (2008, September). Back To Basics: What Is Securitization? *Finance & Development.*

Peterson, C. L. (2011, October). Two Faces_Demystifying the Mortgage Electronic Registration System's Land Title Theory. *William & Mary Law Review, 93(1 Article 4).* Williamsburg, Virginia: The College of William & Mary.