# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENN HARDEN,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ABSOLUTE HOME MORTGAGE CORPORATION,** *et al.***,**<br><br>　　　　**Defendants.** | Case No. 24–cv–10402–ESK–MJS<br><br>**OPINION AND ORDER** |

　　　**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Glenn Harden to proceed *in forma pauperis* (IFP) (ECF No. 1–2); and plaintiff having brought this action against defendants: (1) Absolute Home Mortgage Corporation; (2) Caliber Home Loans Inc.; (3) Mortgage Electronic Systems; (4) Merscorp Holdings, Inc.; (5) Ice Mortgage Technology; (6) Newrez LLC, and (7) Shellpoint Mortgage Servicing; and the Court finding,

　　　1.　　Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

　　　2.　　Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

　　　3.　　The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se*

plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

6. From what the Court can gather, this action arises from a "contract consisting of a [p]romissory [n]ote purportedly 'secured' by a [m]ortgage," for which plaintiff is seeking $578,820. (ECF No. 1 pp. 7, 9.) The 36-count Complaint appears to allege that the original mortgage plaintiff entered into with defendant Absolute Home Mortgage Corporation in September 2015 was assigned to the other companies named as defendants without his knowledge for the purpose of "maintain[ing] the illusion that the transaction … continues to 'secure' a debt." (*Id.* pp. 10, 11.) In counts one through 16 (Civil Counts), plaintiff claims that this behavior violated the: (a) Real Estate Settlement Procedures Act; (b) Truth in Lending Act; and (c) Fair Debt Collection Practices Act. (*Id.* pp. 14–19.) Upon reviewing the Civil Counts, defendants' misconduct can be reasonably inferred. Thus, the Civil Counts will not be dismissed at this time.[1]

---

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See* Richardson v. Cascade Skating Rink, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes

7. Meanwhile, in counts 17 through 36 (Criminal Counts), plaintiff seeks relief pursuant to various criminal statutes. (*Id.* pp. 19–37.) Since it is well settled that a plaintiff may not allege criminal statutes in a civil action, the Criminal Counts are deemed frivolous. *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (holding no private right of action under criminal statutes absent a clear statutory basis); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile).

Accordingly,

**IT IS** on this **27th** day of **November 2024 ORDERED** that:

1. The Application (ECF No. 1–1) is **GRANTED.**

2. The Clerk of the Court is directed to file the Complaint (ECF No. 1) and issue summonses. While the Civil Counts (*id.* pp. 14–19) may proceed, the Criminal Counts (*id.* pp. 19–37) are **DISMISSED with prejudice**.

3. The United States Marshall shall serve a copy of the Complaint, Summons, and this Order upon the defendants pursuant to 28 U.S.C. § 1915(d). All costs of service shall be advanced by the United States.

4. The Clerk of the Court is directed to send a copy of this Order to plaintiff by regular mail.

                     */s/ Edward S. Kiel*
                     **EDWARD S. KIEL**
                     **UNITED STATES DISTRICT JUDGE**

---

[a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).