# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENN HARDEN,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ABSOLUTE HOME MORTGAGE CORPORATION,** *et al.*, <br><br> **Defendants.** | Case No. 24–cv–10402–ESK–MJS <br><br><br> **OPINION AND ORDER** |

     **THIS MATTER** having come before the Court on the motion filed on February 10, 2025 by defendants Caliber Home Loans Inc., Mortgage Electronic Registration Systems (MERS), MERSCORP Holdings, Inc., Ice Mortgage Technology, Newrez LLC, and Shellpoint Mortgage Servicing to dismiss (Motion) (ECF No. 17) *pro se* plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)); and defendant Absolute Home Mortgage Corporation having filed on February 26, 2025 a notice of motion and letter brief joining in the Motion (ECF No. 20); and plaintiff having filed on March 7, 2025 an untimely opposition to the Motion (ECF No. 22) in which plaintiff also seeks reconsideration of the Court's partial dismissal of the Complaint (*see* ECF No. 3 p. 3); and defendants having filed on March 13, 2025 a reply in further support of the Motion (Reply) (ECF No. 25)[1]; and plaintiff having filed on March 19, 2025 an amended opposition to the Motion (ECF No. 26); and plaintiff having filed on April 28, 2025 a letter (ECF No. 28) renewing, in part, his request for reconsideration; and the Court finding,

     1.    On November 8, 2024, plaintiff filed the Complaint, asserting 36 counts of relief against defendants for their alleged failure to provide him with certain notices and disclosures as to his residential mortgage. (Compl.) Upon granting plaintiff's application to proceed *in forma pauperis*, I dismissed with prejudice counts 17 through 36, through which plaintiff was seeking civil relief under criminal statutes. (ECF No. 3 p. 3.) I permitted the remaining counts

---

[1] Although the docket entry identifies Absolute Home Mortgage Corporation as having filed the Reply (*see* ECF No. 25), the Reply's preliminary statement does not indicate whether Absolute Home Mortgage Corporation joins in the submission (*id.* p. 5).

asserting violations under the Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), and Fair Debt Collection Practices Act (FDCPA), to proceed. (*Id.*)

2. Plaintiff obtained a $192,940 loan from Absolute Home Mortgage Corporation on September 11, 2015.[2] (ECF No. 17–3 p.5.) The loan was memorialized by a note and secured by a mortgage encumbering the property at 44 Windsor Lane, Willingboro, New Jersey 08046. (*Id.* pp.5–11.) The mortgage, which was recorded in the Burlington County Clerk's Office on September 25, 2015, listed MERS as the mortgagee. (*Id.* pp.2, 6.) On October 6, 2015, the loan was transferred from Absolute Home Mortgage Corporation to Caliber Home Loans Inc., and MERS assigned its interest in the mortgage to Caliber Home Loans Inc. on November 23, 2016, which was then recorded on December 7, 2016. (ECF No. 17–4 p.2; ECF No. 17–5 pp.2–5.) In May 2019, plaintiff and Caliber Home Loans Inc. entered into a loan modification agreement, which was recorded in June 2019. (ECF No. 17–6 pp.2–17.) Plaintiff and Caliber Home Loans Inc. entered into another loan modification agreement in October 2021, which was recorded in January 2022. (ECF No. 17–7 pp.2–12.) In November 2022, the loan was transferred from Caliber Home Loans Inc. to Newrez LLC. (ECF No. 17–8 pp.2, 3.) By way of assignment recorded on February 29, 2024, Caliber Home Loans Inc. assigned the mortgage to Newrez LLC. (ECF No. 17–9 pp.2–5.) Plaintiff alleges that these assignments occurred without his knowledge and for the purpose of "maintain[ing] the illusion that the transaction … continues to 'secure' a debt." (Compl. pp.14–19.) Plaintiff is seeking $578,820 in damages. (*Id.* p.37.)[3]

3. Prior to the filing of a responsive pleading, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive dismissal under Federal Rule of Civil Procedure (Rule) 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Doe v.*

---

[2] Defendants attach to the Motion documents, such as the recordings and assignments of plaintiff's mortgage, which are not included in the Complaint. *See Maturo v. Bank of Am., N.A.*, No. 16–00350, 2017 WL 773878, at *1 (D.N.J. Feb. 27, 2017). When resolving a motion to dismiss, courts may consider matters of public record and documents "integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). Accordingly, I will consider these documents to resolve the Motion.

[3] Plaintiff fails to specify how much he is seeking in damages for each claim. (*See* Compl.) Since counts 17 through 36 have been dismissed, it is unclear whether plaintiff's request for $578,820 is now less.

*Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Although the complaint need not include "detailed factual allegations," it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts shall accept as true the plaintiff's factual assertions, which "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 342 (first quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); and then quoting *Ashcroft*, 556 U.S. at 678). Courts further evaluate the sufficiency of a complaint by "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations show that relief is barred under the relevant statute of limitations." *Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 81 (3d Cir. 2013).

4. In counts one through nine, plaintiff raises RESPA claims pursuant to 12 U.S.C. §2605 and Regulation X, 12 C.F.R. §§ 1024.1 to 1024.41, against Absolute Home Mortgage Corporation and MERS. Such RESPA claims, which seek to 'insure that customers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from ... certain abusive practices,'" must be filed within three years of the violation. *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 591 (D.N.J. 2016) (quoting 12 U.S.C. §2601(a)); 12 U.S.C. §2614. The filing of these claims, however, exceeds the statute of limitations. Plaintiff obtained the loan, which listed MERS as the mortgagee, from Absolute Home Mortgage Corporation in September 2015. (ECF No. 17–3.) Since Absolute Home Mortgage Corporation transferred the loan to Caliber Home Loans Inc. in October 2015, any RESPA claims against Absolute Home Mortgage Corporation brought after October 2018 are barred. Similarly, since Caliber Home Loans Inc. received MERS interest in the mortgage in November 2016, the RESPA claims against MERS became time-barred in November 2019. Although plaintiff appears to be arguing that the statute of limitations is tolled (ECF No. 22 p. 4; ECF No. 26 p. 4), "the discovery rule is not apt for RESPA claims because Congress specifically provided that the limitations period begins to run on 'the date of the occurrence of the violation.'" *Cunningham v. M.T. Bank Corp.*, 814 F.3d 156, 162 (3d Cir. 2016) (quoting 12 U.S.C. §2614).

3

5. In counts ten through 12 and 14,[4] plaintiff raises TILA claims against Absolute Home Mortgage Corporation and Caliber Home Loans Inc. "TILA requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions." *McLean v. Sumitra*, No. 23–22842, 2025 WL 457289, at *7 (D.N.J. Feb. 11, 2025) (quoting *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998)). A TILA claim under 15 U.S.C. §1641 "is subject to a one-year statute of limitations, which begins to run when the underlying contract is executed." *Id.* (quoting *Herzog v. IndyMac Bank, FSB*, No. 11–04571, 2011 WL 5513205, at *3 (D.N.J. Nov. 9, 2011)). Absolute Home Mortgage Corporation transferred the loan to Caliber Home Loans Inc. in October 2015, and Caliber Home Loan Inc. then transferred the loan to Newrez LLC in November 2022.[5] While TILA claims are subject to equitable tolling, *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998), beyond stating that "limitations are only calculated from the date … evidence of the potential fraud" is acquired (ECF No. 22 p.4; ECF No. 26 p.4), plaintiff neither argues why equitable tolling should apply nor points to factual allegations in the Complaint that would support application of equitable tolling. *See Nix v. Option One Mortg. Corp.*, No. 05–03685, 2006 WL 166451, at *9 (D.N.J. Jan. 19, 2006). Hence, plaintiff's TILA claims, which were filed well beyond the one-year statute of limitation, are time-barred.

6. In counts 13, 15, and 16, plaintiff raises FDCPA claims against Caliber Home Loans Inc. FDCPA claims, which "are premised upon allegations of improper pursuit of debt collection litigation" are to "be brought 'within one year from the date on which the violation occurs.'" *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130–31 (3d Cir. 2009 (quoting 15 U.S.C. §1692k(d)). Plaintiff fails to assert facts, such as when and how Caliber Home Loan Inc. violated the FDCPA. Yet, to the extent that these claims are based on MERS's assignment of its interest in the mortgage to Caliber Home Loans Inc. in November 2016 (ECF No. 17–5 pp.2–5), or Caliber Home Loans Inc.'s transfer of the loan to Newrez LLC in November 2022 (ECF No. 17–8 pp.2, 3),

---

[4] Plaintiff incorrectly labels count 14 as a FDCPA claim. This count is raised under 15 U.S.C. §1641, which is part of TILA.

[5] Pursuant to TILA, "a transaction is 'consummated' when the 'consumer becomes contractually obligated on a credit transaction.'" *Williams v. Wells Fargo Home Mortg., Inc.*, No. 06–03681, 2010 WL 11534319, at *4 (E.D. Pa. Jan. 11, 2010), *aff'd*, 410 F. App'x 495 (3d Cir. 2011) (quoting 12 C.F.R. §226.2(a)(13)). Although Caliber Home Loans Inc. assigned of the mortgage to Newrez LLC was recorded in February 2024, the statute of limitations is calculated from the November 2022 transfer date of the loan. (*See* ECF No. 17–8 pp.2, 3; ECF No. 17–9 pp.2–5.)

I agree with defendants that they are time-barred (*see* ECF No. 25 p. 11). Plaintiff's assertion that he did not discover the transfers until later (*see* ECF No. 22 p. 4; ECF No. 26 p. 4) are belied by the publicly recorded mortgage from 2015 (ECF No. 17–3 pp. 1–11), publicly recorded assignment of the mortgage from 2016 (ECF No. 17–5 pp. 1–5), and letter from Caliber Home Loans Inc. to plaintiff advising him of the transfer to Newrez LLC from 2022 (ECF No. 17–8 pp. 1–16). Of note, it is RESPA—not the FDCPA—that requires notice to a debtor when the servicing of a loan is transferred from one servicer to another. *See Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 400–03 (E.D. Pa. 2008), *aff'd*, 326 F. App'x 663 (3d Cir. 2009). For the reasons discussed above, plaintiff's FDCPA claims are also untimely and will be dismissed.

7. Since counts one through 16 are barred by the statute of limitations, I will not address defendants' merit-based or improper service arguments. (*See* ECF No. 17–1 pp. 13–19; 25–29.)

8. The only claims against MERSCORP Holdings, Inc., Ice Mortgage Technology, Newrez LLC, and Shellpoint Mortgage Servicing were raised in counts 17 through 36. (*See* Compl. pp. 19–37.) Since there are no remaining counts in the Complaint against MERSCORP Holdings, Inc., Ice Mortgage Technology, Newrez LLC, and Shellpoint Mortgage Servicing (*see* ECF No. 3 p. 3), these defendants must be dismissed. Although plaintiff requests reconsideration of the dismissal of these counts (ECF No. 22 p. 5; ECF No. 28), a motion for reconsideration "shall be served and filed within 14 days after the entry of the order or judgment on the original motion" and must include "[a] brief setting forth concisely the matter or controlling decisions which the party belief the Judge has overlooked." L. Civ. R. 7.1(i). Plaintiff's request for reconsideration is neither timely nor accompanied by a brief.

Accordingly,

       **IT IS** on this   **12th** day of **May 2025**   **ORDERED** that:

1. The Motion is **GRANTED.**   Counts one through 16 are **dismissed**.

2. Plaintiff's request for reconsideration (ECF No. 22 p. 5; ECF No. 26 pp. 5, 6) as to the dismissal of counts 17 through 36 (ECF No. 3 p. 3), is **DENIED.**

3. The hearing set for **May 20, 2025** (ECF No. 27) is **cancelled**.

4. The Clerk of the Court is directed to: (a) terminate the Motion at ECF Nos. 17 and 20; (b) mark this case as **closed**; and (c) send a copy of this Opinion and Order to plaintiff by regular mail.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                **UNITED STATES DISTRICT JUDGE**